UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRETT MICHAELS CHILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00172-SNLJ |
| | ) | |
| WARDEN, USP BIG SANDY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. On November 4, 2025, the Court ordered Petitioner Brett Michaels Chilton to file an amended petition on an appropriate Court-provided form, and either pay the $5 filing fee or file a motion to proceed *in forma pauperis*. [Doc. 3]. The Court cautioned Petitioner that his failure to timely comply with the Order would result in the dismissal of his case without further notice. [*Id.* at 2]. Petitioner was given thirty days to respond to the Court's Order.[1]

Petitioner's deadline has passed, and he has neither responded to the Court's Order, nor sought additional time to do so. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1). Petitioner has neither paid the filing fee nor submitted a motion to proceed without prepayment. Petitioner was given meaningful notice of what was expected, he was cautioned that his case would be

---

[1] The Court notes that its November 4, 2025 Order was returned as undeliverable and had to be resent to Petitioner on November 12, 2025. [Doc. 4]. Under the Court's Local Rules, it is Petitioner's responsibility to keep the Court informed of any change to his mailing address. E.D. Mo. L.R. 2.06(B). Regardless, Petitioner was given thirty days to respond in the Court's November 4, 2025 Order, and it has now been over thirty days since the Order was resent to Petitioner at his new address.

dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Petitioner's failure to comply with the Court's November 4, 2025 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of December, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE